**Timothy C. Springer, Esq**. #207229
Nancy D. Klepac, Esq. #253896
LAW OFFICES OF TIMOTHY C. SPRINGER
4905 N. West, Suite 102
Fresno, CA 93705
Telephone: (559) 225-3622
Facsimile:  (559) 225-3459
Attorney for Debtors,
   GREGORY THOMAS CARVER
   KARAN ANN CARVER

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA

| In Re: | Case No: 13-11337-B-13 |
|---|---|
| GREGORY THOMAS CARVER<br>KARAN ANN CARVER | Adv. Proc.<br>Chapter 13 |
| Debtor/Plaintiffs | COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING. |
| vs. | |
| SETERUS, INC.; NATIONSTAR MORTGAGE, LLC d/b/a Mr. Cooper, its successors and/or assigns; GREGORY FUNDING; and DOES 1-10 | |
| Defendants. | |

## INTRODUCTION

This action seeks compensation for Defendants failure to comply with the Stipulation reached between the parties and attached hereto as **Exhibit A**. Debtor/Plaintiffs prays this court award Plaintiffs actual and punitive damages; sanctions in the amount of $15,000,000, attorney's fees, costs under 11 U.S.C. § 105, and any other relief the court deems proper based on the Defendants' violations of 11 U.S.C. § 524.

## JURISDICTION

Filed 01/06/22    Case 22-01001    Doc 1

1. Jurisdiction is conferred on this Court pursuant to the provisions of 28 USC § 1334 and 28 U.S.C. § 157.

2. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then, and in that event the Debtor/Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Debtor/Plaintiffs are natural persons and residents of the State of California. Debtor/Plaintiffs are also Plaintiffs as defined by the Bankruptcy Code, 11 U.S.C. §101 *et seq*.

5. Creditor/Defendant, SETERUS, INC. is a California corporation which became NATIONSTAR MORTGAGE, LLC.

6. Creditor/Defendant, GREGORY FUNDING is a California entity of unknown type used for mortgage servicing.

7. Creditor/Defendant, NATIONSTAR MORTGAGE, LLC d/b/a Mr. Cooper, its successors and/or assigns is a California Limited Liability used for mortgage servicing.

## STATEMENT OF FACTS

8. Debtor/Plaintiffs filed a petition in bankruptcy under Chapter 13 of the U.S. Bankruptcy Code on February 28, 2013.

9. Defendant, SETERUS, INC. was listed on Schedule D of Debtors' Bankruptcy Petition

10. At the time of filing, the Debtor/Plaintiffs were delinquent in their mortgage payments.

11. The Debtor/Plaintiffs paid off the arrearages over the duration of their Chapter 13 Plan.

12. The Debtor/Plaintiffs paid all amounts due under all Final cures and a complete discharge of all pre-petition debts was entered on June 29, 2018.

13. Creditor/Defendant insisted there was an arrearage amount due, despite being provided proof by the Debtor/Plaintiffs.

14. Debtor/Plaintiffs filed a motion for contempt based on the violation of the discharge injunction. The Complaint is attached hereto as **Exhibit B.**

15. Creditor/Defendant and Debtor/Plaintiffs entered into a Stipulation. See Exhibit A.

## CLAIM FOR RELIEF BREACH OF CONTRACT

16. The allegations of paragraphs 1-14 herein are re-alleged and incorporated herein by reference.

17. At all times relevant to the allegations herein:

    a. Creditor/Defendants have failed to comply with the Stipulation.

    b. Creditor/Defendants continue to show amounts owed by Plaintiff/Debtors.

    c. Creditor/Defendant, has substantially frustrated the discharge order entered in this case and their conduct constitutes gross violations of the discharge injunction as provided by 11 U.S.C. §524 and further has caused the Debtor/Plaintiffs unwarranted and unnecessary time, effort, expense, and needless distress in having to enforce rights guaranteed by the Bankruptcy Code;

18. The actions of the Creditor/Defendants as alleged herein constitute willful, intentional, gross and flagrant violations.

19. The Debtor/Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Creditor/Defendant. The Debtor/Plaintiffs have suffered emotional distress and other

actual damages, including legal fees and costs, in connection with the continued efforts of Creditor/Defendant to collect the pre-petition debt. Attached hereto as **Exhibit C** is a statement from Plaintiff's psychiatrist attesting to the damaging stress caused by Creditor/Defendants' conduct.

20. Plaintiff's health has been damaged in an unknown amount but no less than $15,000 in medical bills and future medical care.

21. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Creditor/Defendant pursuant to the provisions of Section 105 of the Code.

22. As a result of the Defendant's violation of 11 U.S.C. Section 524, the Creditor/Defendant is liable to the Debtor/Plaintiffs for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

## CLAIM FOR RELIEF
## BREACH THE COVENANT OF GOOD FAITH AND FAIR DEALING

23. The allegations of paragraphs 1-14 herein are re-alleged and incorporated herein by reference.

24. At all times relevant to the allegations herein:

    a. Creditor/Defendants have failed to comply with the Stipulation.

    b. Based on information and belief Creditor/Defendants never intended to comply with the Stipulation.

    c. Creditor/Defendants sold the Plaintiff's Mortgage between themselves without resolving the issues under the Plaintiffs' earlier action and the Stipulation.

d. Both Creditor/Defendants are liable to the Plaintiff/Debtors for damages caused by their actions.

e. Creditor/Defendants continue to show amounts owed by Plaintiff/Debtors.

f. Creditor/Defendant, has substantially frustrated the discharge order entered in this case and their conduct constitutes gross violations of the discharge injunction as provided by 11 U.S.C. §524 and further has caused the Debtor/Plaintiffs unwarranted and unnecessary time, effort, expense, and needless distress in having to enforce rights guaranteed by the Bankruptcy Code;

25. The actions of the Creditor/Defendants as alleged herein constitute willful, intentional, gross and flagrant violations.

26. The Debtor/Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Creditor/Defendant. The Debtor/Plaintiffs have suffered emotional distress and other actual damages, including legal fees and costs, in connection with the continued efforts of Creditor/Defendant to collect the pre-petition debt. Attached hereto as Exhibit C is a statement from Plaintiff's psychiatrist attesting to the damaging stress caused by Creditor/Defendants' conduct.

27. Plaintiff's health has been damaged in an unknown amount but no less than $15,000 in medical bills and future medical care.

28. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Creditor/Defendant pursuant to the provisions of Section 105 of the Code.

29. As a result of the Defendant's violation of 11 U.S.C. Section 524, the Creditor/Defendant is liable to the Debtor/Plaintiffs for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

WHEREFORE, the Debtor/Plaintiffs having set forth their claims for relief against the Creditor/Defendant respectfully pray of the Court as follows:

A. That the court Debtor/Plaintiffs may have and recover against the Creditor/Defendant a sum to be determined by the Court in the form of actual damages, but no less than $15,000;

B. That the Debtor/Plaintiffs may have and recover against the Creditor/Defendant a sum to be determined by the Court in the form of punitive damages;

C. That the Debtor/Plaintiffs may have and recover against the Creditor/Defendant all reasonable legal fees and expenses incurred by their attorney;

D. That the Debtor/Plaintiffs may have such other and further relief as the Court may deem just and proper.

Dated: January 4, 2022

_____
Nancy Klepac, Esq.
Attorney for Debtor/Plaintiffs